United States District Court
Southern District of Texas
**ENTERED**
March 30, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BYRON KEITH HARMON EL, | § | |
| TDCJ #01801973, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-21-0617 |
| BOBBY LUMPKIN, Director,[1] | § | |
| Texas Department of Criminal | § | |
| Justice - Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Byron Keith Harmon El, also known as Byron Keith Harmon ("Harmon"), has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1), seeking relief from a prison disciplinary conviction entered against him while incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). After reviewing the pleadings in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the court will dismiss this case for the reasons explained below.

---

[1]Although the petitioner lists former Director Lorie Davis as the respondent, the court substitutes her replacement, Bobby Lumpkin, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

## I.  **Background**

Harmon is currently serving a 35-year sentence in TDCJ as the result of a conviction that was entered against him in Harris County, Texas, for aggravated robbery of an elderly person.[2] Harmon does not challenge the validity of that conviction, which was affirmed on appeal in an unpublished opinion.  See Harmon v. State, No. 14-12-00713-CR, 2014 WL 1852172 (Tex. App. — Houston [14th Dist.] May 6, 2014, no pet.).

Harmon now seeks a federal writ of habeas corpus to challenge a prison disciplinary conviction that was entered against him at the Estelle High Security Unit in Huntsville, where he is currently confined.[3]  Harmon indicates that on September 23, 2020, he was convicted in TDCJ disciplinary case number 2021003707 of masturbating in public in violation of prison rules.[4]  As a result of this disciplinary conviction, Harmon lost recreation privileges for 30 days and commissary privileges for 20 days.[5]  His classification was also ordered to remain at L3.[6]

---

[2]Petition, Docket Entry No. 1, p. 2.

[3]Id. at 1, 5.

[4]Id. at 5.

[5]Id.

[6]Id.

Harmon contends that he is entitled to relief because of inaccuracies in the charging officer's offense report, which was submitted in excess of 24 hours after the incident.[7]  Harmon contends further that he was denied leave to pose certain questions on cross-examination at his disciplinary hearing and that his appeal from the conviction was not processed properly.[8]  Harmon cannot establish a constitutional violation or show that he is entitled to federal habeas relief for reasons discussed below under the legal standard that applies to prison disciplinary proceedings.

## II.  Prison Disciplinary Proceedings

An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  See Wolff v. McDonnell, 94 S. Ct. 2963, 2974-75 (1974).  Prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest.  See Sandin v. Conner, 115 S. Ct. 2293, 2302 (1995).  A Texas prisoner cannot demonstrate a Due Process violation in the prison disciplinary context without first satisfying the following criteria:  (1) he must be eligible for early release on the form of parole known as mandatory supervision; and (2) the disciplinary

---

[7] Id. at 6.

[8] Id. at 7.

conviction at issue must have resulted in a loss of previously earned good-time credit. <u>See Malchi v. Thaler</u>, 211 F.3d 953, 957-58 (5th Cir. 2000); <u>see also White v. Jenkins</u>, 735 F. App'x 855, 856 (5th Cir. 2018) (per curiam) ("A prisoner who is not eligible for release on mandatory supervision has no constitutional expectancy of early release and so has no protected liberty interest in his good time credits.") (citation omitted).

Harmon cannot meet the criteria for establishing a Due Process violation because, as a Texas inmate serving a sentence for aggravated robbery, he acknowledges that he is not eligible for early release on mandatory supervision as a matter of law.[9]   <u>See</u> TEX. GOV'T CODE § 508.149(a)(12) (an inmate previously convicted of aggravated robbery in violation of Texas Penal Code § 29.03 is not eligible for mandatory supervision).  Harmon acknowledges further that he did not lose any previously earned good-time credit as a result of the conviction.[10]

To the extent that Harmon lost privileges, this type of sanction does not pose an "atypical" or "significant" hardship that implicates a constitutionally protected liberty interest.  <u>See</u> <u>Madison v. Parker</u>, 104 F.3d 765, 768 (5th Cir. 1997) (observing that limitations imposed on commissary privileges and temporary cell restrictions are "merely changes in the conditions of [an

_____

[9]Petition, Docket Entry No. 1, p. 5.

[10]<u>Id.</u>

-4-

inmate's] confinement and do not implicate due process concerns"). Likewise, reductions in a prisoner's classification status and the potential impact on good-time credit earning ability are not protected by the Due Process Clause.  See Malchi, 211 F.3d at 958; Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995).  Because Harmon cannot establish a violation of a constitutional right, his Petition will be dismissed for failure to state a claim upon which relief may be granted.

### III.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.  A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)).  The court concludes that jurists of reason would not debate the assessment of the petitioner's claims or whether the petitioner has demonstrated the violation of a constitutional right.  Therefore, a certificate of appealability will not issue.

## IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Petition for a Writ of Habeas Corpus By a Person in State Custody filed by Byron Keith Harmon El, also known as Byron Keith Harmon (Docket Entry No. 1) is **DENIED**, and this action will be dismissed with prejudice.

2. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the petitioner.

**SIGNED** at Houston, Texas, on this 30th day of MARCH, 2021.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE